**James BUCKLEY, Appellant**

v.

**Larry G. MASSANARI,\* Acting Commissioner of Social Security.**

No. 01–2439.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 17, 2002.

Filed March 14, 2002.

---

\* (Pursuant to F.R.A.P. 43(c)).

Before RENDELL, FUENTES and MAGILL *, Circuit Judges.

## OPINION

RENDELL, Circuit Judge.

James Buckley seeks review of the District Court's determination that the Administrative Law Judge's ("ALJ") ruling was supported by "substantial evidence" when he found that Mr. Buckley was not disabled in accordance with the Social Security Act. Buckley was formerly a bartender and warehouseman. He last worked full-time in 1992, and alleges that he became disabled in 1994 due to pain in his groin and lower back.

Our role as a reviewing court is limited to determining whether the Commissioner's decision is supported by "substantial evidence" which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). We are bound by the ALJ's findings of fact if they are supported by substantial evidence in the record. *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir.1999).

The ALJ found Buckley's subjective complaints not fully credible. One of his doctors, Dr. Albornoz, had noted that his complaints were "out of proportion" to what he encountered in his examination and imaging studies. The ALJ found that Buckley's daily activities, although somewhat limited, were consistent with the ability to perform sedentary work. Another doctor, Dr. Dworkin, stated that Buckley's

pain was controlled so that he could function in a "fairly normal manner." The ALJ relied on the grids to direct a finding of non-disability.

The District Court affirmed the ALJ's ruling noting that the objective medical evidence did not support Buckley's allegations of total disability. The District Court addressed each of Buckley's contentions. These were: (1) the ALJ erred in finding that his testimony was not fully credible; (2) that the ALJ erred by failing to take into account the impact of the side effects of his medication; and finally (3) that the ALJ erred in relying on Rule 201.27 to find that he was not disabled.

The District Court considered all of these contentions and analyzed them thoroughly, rejecting them in a ten-page memorandum opinion and order. Buckley raises these same issues on appeal. After a thorough review of the record, and giving due consideration to the briefs filed in this appeal, we find that the District Court's opinion sets forth the proper reasoning with respect to each of these issues. Accordingly, we will not restate the analysis here but, instead, incorporate by reference the memorandum opinion and order of the District Court in this matter.

Accordingly, we will AFFIRM the District Court's order.

---

* Honorable Frank J. Magill, United States Circuit Judge for the Eighth Circuit, sitting by designation.